## JOHN SHIRKEY v. WILKINS HUNT.

Bond for title, dated March 27th, 1852, to two thousand acres of land, upon payment of two notes for $5000 each, one due December 1st, 1852, and the other December 1st, 1853 ; February 17th, 1853, $2600 paid on the first note ; February 11th, 1854, the vendee having failed to make further payment, the vendor demanded the balance of the purchase money, or a rescission of the sale, offering to refund the $2600 ; whereupon the parties entered into a new contract, whereby the vendee delivered up the bond for title, and the vendor sold him the land for $15,000, the $2,600 to be allowed as a cash payment, and the balance payable in twenty years, from the 1st day of December, 1853, with interest at the rate of ten per cent. per annum, payable annually, for which the vendee gave his note, dated December 1st, 1853 ; and the vendor conveyed the land, taking a mortgage to secure the purchase money ; held, that the second contract was not usurious.

Error from Victoria. Tried below before the Hon. Field ing Jones.

Suit commenced February 14th, 1856, by the defendant in error against the plaintiff in error, to recover one year's interest due December 1st, 1855, on a promissory note, a copy of which is as follows :

$13,370.                    Victoria, December 1st, 1853.

Twenty years after date I promise to pay to the order of Wilkins Hunt, thirteen thousand three hundred and seventy dollars ; value received ; with ten per cent. interest, payable annually.                    JOHN SHIRKEY.

It was acknowledged that the first year's interest had been paid. The plaintiff also claimed interest at the rate of ten per cent. per annum from the 1st of December, 1855, on the interest due that day. ·

The defendant answered as follows : And for answer in this behalf the said defendant says, that the note in the plaintiff's petition set forth is founded upon a contract which is usurious and contrary to law and void, for this ; this defendant avers that some time in the year A. D. 1852, this defendant purchased of the plaintiff a tract of land in Victoria county for the sum of ten thousand dollars ; five thousand of the said purchase money was agreed to be paid on the 1st day of December, 1852, and the remaining five thousand on the 1st day of December, 1853. Your petitioner avers that he paid to the said Hunt about the 17th day of February, 1853, two thousand six hundred and thirty dollars, without objection by said Hunt, leaving seven thousand three hundred and seventy dollars, due on said purchase. Now your respondent avers that he would have been fully able to pay and discharge the first payment of $5000, but for the delay and great outlay and expense for sickness and otherwise, which occurred in his family in removing from the State of Virginia to Texas ; and that in consequence of this unlooked for expenditure on his part he was only able to pay the said sum of $2630 on the first

payment of said land. Your respondent further avers that the said Hunt threatened to sue this defendant unless he would enter into the contract in the plaintiff's petition set forth, and to give his said note as therein specified. This defendant avers that the only consideration given or claimed for the said note was to secure the payments on said land, to-wit: $7370, as aforementioned, and the forbearance to sue this defendant for the said sum. This defendant avers that he is now unable to give the precise date of the first mentioned contract, as it was either destroyed or placed in the hands of plaintiff, or some other person, unknown to defendant; wherefore this defendant avers that the said contract is usurious and contrary to law and good conscience, and prays that the said contract be set aside, and the defendant be allowed his costs in this suit.

And the defendant says that the answer to the following interrogatories are material to his defence, and that he cannot prove them by any other evidence than the plaintiffs, and he prays that the said plaintiff be required to answer them particularly and categorically.

Interrogatory 1st. Did you, or did you not, make a sale of land to this defendant for the sum of ten thousand dollars?

Interrogatory 2d. If you answer the first interrogatory in the affirmative, say whether or not said Shirkey paid you any portion of the price or part of the said ten thousand dollars, consideration for the said land.

Interrogatory 3d. At what time was this contract made, and was the money, or any part of it, due at the date of this note sued on, and, if a part, how much was due?

Interrogatory 4th. Was, or not, this contract the only consideration for which the note, now sued on, was given, and, if so, was there any other consideration for this note now sued on, than the said first contract, together with the extension of time for the payment?

Interrogatory 5th. Was, or not, the land which was the

subject of the first contract, the only consideration on which the present note now sued on is founded?

Interrogatory 6th. What was the consideration of the note for $1370, executed to you by Shirkey, the defendant.

Interrogatory 7th. Was not time and the debt due you by Shirkey the only consideration of the note in the petition set forth? If yea, what was that debt? what was the amount of it, and when was it due, and what became of the original contract of sale?

Interrogatory 8th. State what was due you by Shirkey before this last contract was made, for which he executed the note, in your petition set forth; for what was the same due, and where is the written contract? Did you not receive $2630 on said contract from Shirkey, and when?

Sworn to, &c.

Answer of plaintiff to defendant's interrogatories:

To interrogatory No. 1, he answers No. The facts are these: In the spring of 1852, (precise date not recollected,) I agreed with the defendant to sell to him, for ten thousand dollars, two thousand acres of land, where he now resides, one-half the purchase money to be paid the 1st of December, 1852, and the other half 1st of December, 1853, for which the defendant executed his two promissory notes, with interest on the note last to become due at eight or ten per cent. (which not recollected) from the maturity of the first note, and at the same time time I executed to the defendant my bond, conditioned to make title, should said notes be punctually paid at maturity according to their tenor and effect.

To interrogatory No. 2, he answers, Yes. The defendant paid me on or about the 17th day of February, 1853, twenty-six hundred dollars, which I credited on the first of said notes.

To Interrogatory No. 3 he answers: The contract referred to was made, as I have stated, in the Spring of 1852, (I do not recollect the precise date,) and, as I have stated in my answer to interrogatory No. 1, at the date of the note sued on there

was due me on said contract about eight thousand dollars, principal and interest, the precise amount I do not recollect.

To interrogatory No. 4 he answers, No. The said contract was no part of the consideration for which the note sued on, was given. The facts are these : The defendant came to my house a short time after the maturity of his said second note, and said he was unable to comply with the contract. I then proposed to return to him the money he had paid me ; give up his notes and take back my bond for title ; but at the same time told him that I was entitled either to the purchase money or the land, and did not intend to waive my legal rights. The defendant, knowing that I had previously sold, or proposed to sell, land on twenty years' time to other persons, wanted to know on what terms I would sell him the land on long credit. I told him that I would let him have the land for seven fifty per acre, making fifteen thousand dollars ; twenty six hundred and thirty dollars cash, and the balance payable twenty years after the 1st of December, 1853, when the last note under the first contract was due, with ten per cent. interest, payable annually, secured by note and mortgage. The proposition was accepted ; the first contract was rescinded ; the notes of the defendant, and the bond for title of the plaintiff were returned to them respectively, and the second contract executed by the plaintiff making to the defendant a good and perfect title to the land, and retaining as the cash payment the two thousand six hundred dollars paid him by the defendant as aforesaid, and giving the defendant credit for thirty dollars the price of certain articles bought by the defendant for plaintiff in New Orleans, and by the defendant executing the note sued on for the balance of the purchase money, secured by note and mortgage. The plaintiff states that there is an error in the note sued on in this, that the same is for $13,370, when it should have been $12,370, which error was committed in deducting $2,630 from $15,000, and defendant states that said error was not discovered by him until this morning.

To interrogatory No. 5 he answers, Yes.

To interrogatory No. 6 he answers : I hold no such note and never did.

To interrogatory No. 7 he says : I have answered the interrogatory in my previous answers ; the notes of defendant and my bond for title were returned to the parties respectively. If by the original contract is meant my bond for title, then it is either destroyed or among my papers. I have searched for it but could not find it.

To interrogatory No. 8 he answers : That he has already answered the interrogatory ; he received only $2600 on the first contract.

At the same time when plaintiff filed his answers to defendant's interrogatories, he filed an amendment of the petition, in which it was alleged that the note was executed by mistake for $13,370, when it should have been $12,370, and plaintiff reduced his claim accordingly to $12,370 and interest thereon.

There was a trial at the Spring Term, 1856, at which the Court instructed the jury as follows :

If the jury believe from the evidence, that the note sued on was given in consideration of an original contract, made between the parties, it would be valid and you should find for the plaintiff for the amount claimed.

But if you believe it was given for interest on the loan of money, at a higher rate of interest than twelve per cent., or for the forbearance to sue on a contract previously entered into, and the amount charged for the forbearance is greater than twelve per cent., the contract would be usurious and void for the whole premium, and you should find for the defendant.

And the Court refused to give the following instructions, which was asked by plaintiff's counsel at that trial :

That it was perfectly legal and competent for the parties to rescind the original contract for the sale of the land, and to substitute a new one in its place, and, if they believe from the evidence, that the first contract made by the parties was by

them extinguished and a new contract substituted in its place, and that the note sued on was *bona fide* given for the purchase and conveyance of the land to the defendant under said new contract, then they should find for the plaintiff.

There was a verdict for the defendant at said first trial, which, on motion of the plaintiff, was set aside. There was no statement of the facts in evidence on said trial.

The evidence on the second trial, at Fall Term, was as follows:

Plaintiff read the note in evidence. The defendant then gave in evidence a bond for title from plaintiff to the defendant, as follows: The State of Texas, Victoria county : Know all men by these presents that I, Wilkins Hunt, of said State and county, am held and firmly bound unto John Shirkey, of —————— county, State of Virginia, in the penal sum of twenty' thousand dollars, for the true payment of which I bind myself, my heirs, executors and administrators, jointly, severally and firmly by these presents, signed with my hand and seal (using scrawl for seal) this 27th of March, 1852. Now the condition of the above obligation is such, that whereas the said Hunt has this day bargained and sold to the said Shirkey a certain tract of land lying in Victoria county, and below the town of Victoria, on the east bank of the Gaudalupe river, bounded and described as follows : [here description of the land] containing two thousand acres, more or less ; now if the said Hunt shall make or cause to be made to said Shirkey, good and sufficient title to the said described piece or parcel of land upon his, the said Shirkey, paying to the said Hunt, his heirs, executors, administrators or assigns, the sum of ten thousand dollars according to the tenor and effect of his, the said Shirkey's notes to the said Hunt for the aforesaid sum, bearing even date with these presents, then the above obligation to be void, else to remain in full force and virtue in law. Note : When Col. Shirkey shall have made me the first payment, if he desire it, I will make him a deed provided he, if he desire

it, will secure me in the last payment, which is one-half of the consideration mentioned, to-wit, $10,000.    Given under my hand, &c.

Defendant then gave in evidence a deed from the plaintiff to him, for the same land described in the bond for title.    The deed was dated February 11th, 1854, and purported to be in consideration of $15,000 in hand paid.    The defendant then read in evidence the answers of plaintiff to interrogatories which will be found in a former part of this statement.

The defendant having rested, the plaintiff gave in evidence a mortgage from the defendant to him, dated February 11th, 1854, to secure the payment of the note sued on.    The mortgage included the land sold to defendant by plaintiff, and twenty negro slaves.    Plaintiff also proved by a witness that the deed and mortgage and note sued on were executed at the same time as parts of one transaction "and that the note was given in consideration of the sale of the land by the plaintiff to the defendant."

The Judge instructed the jury, without request, as follows :

You should find your verdict in this case from the testimony introduced, and from that alone ; you should not allow any prejudice either in favor or against either of the parties to influence you in your verdict.    But you should find from the testimony what are the facts of the case.    And if you believe from the testimony that the first contract entered into by the parties was, by agreement between them rescinded, before entering into the one for which the note sued on was given, and that the note sued on was given by defendant to plaintiff in consideration of a sale by plaintiff to defendant of two thousand acres of land sold upon a credit of twenty years, you should find for plaintiff the amount claimed in plaintiff's petition.

The following instructions were asked by the defendant and refused :

1st. If the jury believe, from the evidence before them, that

the defendant Shirkey was indebted to the plaintiff Hunt, seven or eight thousand dollars, by a previous contract at the time the note sued on was executed, and that the only consideration for said note was a forbearance to sue, then the jury will find for the defendant.

2d. If the jury believe that the last contract was made between the plaintiff and the defendant, and the note sued upon was executed by the defendant, in order to prevent the plaintiff from suing him on a debt then due, and that the amount of the note, as executed, was more than 12 per cent. per annum interest on said debt, they will find for the defendant.

3d. That if the jury believe from the evidence that the bond or obligation on which plaintiff sues, amounting to $13,370, was given for forbearance on a bond of $7370, which was then due and owing the said Hunt, or for the same land with all the other circumstances the same except the time of payment, the difference in the amount of the bonds and the interest on that difference is usury, and they can allow no interest on any part of the obligation sued on, and they must find for defendant.·

4th. And the jury are further instructed that if they find the difference in the said bonds was for the extension of time on the payment for the land, or forbearance on said payment it is usury ; no device of a new contract will alter its character or make it legal, and they will find for the defendant.

Verdict for the plaintiff "for the amount claimed in the amended petition."

Judgment November 21, 1856, for $1357 25. There was no point made in the assignment of errors, or otherwise, as to the right of the plaintiff to recover interest on the interest. Motion for new trial overruled, &c.


*S. A. White,* for plaintiff in error, argued that the contract was usurious.

Shirkey v. Hunt.

*Ballinger & Jack*, for defendant in error, cited Vanschaik v. Edwards, 2 Johns. Cas. 355 ; Beete v. Bidgood, 7 Barn. & Cress. 453.

HEMPHILL, CH. J. There is no error in the judgment. The contract was forfeited at law, on failure to pay the first note. This was waived by the partial payment received in February, 1853. But after the maturity of the second note, the defendant acknowledged his inability to comply with the contract. There was then a second forfeiture at law, from which the defendant might have been relieved in equity, had he shown circumstances entitling him to relief, the time of performance not being, in this instance, of the essence of the contract. But no such defences were set up, and the parties formally rescinded their first contract of sale and purchase, and entered into a new agreement variant from the former in the amount of the purchase money, with a great extension of the time of payment. The second contract is not affected by the fact that there had been a previous contract between the parties for the sale of the land. The former contract was virtually at an end before it was formally rescinded by the parties. The plaintiff might have sold the land to any one, especially on refunding to the defendant, as he offered to do, the partial payment that had been made by him, and the sale would have been valid— the defendant, however, being entitled to any equities which might have excused and cured his delay. At all events, there was no legal impediment to prevent the parties from making the new agreement.' Under the circumstances, there is no presumption that the first contract was the consideration of the second. The proof is positive that it was not the consideration ; but that the land which had been forfeited was the consideration, and the plaintiff has a right to recover in this suit, according to the terms of the agreement.

There was no error in setting aside the verdict on the former

trial. The verdict was against law. The Court erred in declining to give the first instruction asked by plaintiff's counsel at that trial, and though the charge of the Court was sound law, and was equivalent, in legal effect, to the instruction which was refused, yet without some further explanation it was not likely to be clearly understood by the jury, and they might act upon very inaccurate and confused notions of its import and meaning.

The law of the case was properly represented to the jury at the second trial.

Upon the view which has been taken of the transaction between the parties, no question of usury can arise in the case, and it is not necessary to consider any of the suggestions or positions of the defendant touching the question of usury. (Beete v. Bidgood, 7 Barn. & Cres. 453.)

Judgment affirmed.