### LIVENGOOD et al. v. BALL et al.

No. 5540—Opinion Filed Dec. 5, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 766.)

(Syllabus by the Court.)

**1. Vendor and Purchaser—Nonperformance —Forfeiture.**

Where in a contract for the sale of real estate by its terms time of payment of the purchase price is made of the essence thereof, there must be a compliance with its terms within the time specified, or the contract will be terminated and all rights thereunder forfeited unless performance is waived.

**2. Same—Time—Waiver—Question for Jury.**

The question whether such a contract was forfeited or performance according to its terms waived, and an extension of time granted in which to pay the balance due upon the purchase price, was a question for the jury under the evidence in this case.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by G. W. Livengood and another against C. R. Ball and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Everest & Campbell, for plaintiffs in error.

Warren K. Snyder and B. O. Young, for defendants in error.

HARDY, J. The parties occupy the same position here which they occupied in the trial court, and will be referred to accordingly. Plaintiffs brought this action for the balance due upon a promissory note and for foreclosure of a mortgage given to secure the same. The defendants answered by way of general denial, and further alleged that on the 25th day of June, 1909, plaintiffs entered into a contract with defendants by which plaintiffs covenanted and agreed to sell and convey to defendants certain lands, in consideration of the sum of $32,000, to be paid on or before the 25th day of June, 1910; that under the contract they were authorized to plat, dedicate, and sell said lands in lots and blocks, and upon certain payments being made to plaintiffs warranty deeds to the lots sold were to be executed and delivered by plaintiffs to purchasers; that, acting under said contract, defendants platted the land and sold various lots and made payments, and that on the 28th day of July, 1910, they had paid an aggregate sum of $22,000, leaving a balance of $10,000 of the original purchase price due and unpaid, and on said last-named date, in conformity with their contract, plaintiffs executed and delivered to defendant Ball a warranty deed conveying the remaining portion of said lands; that on said July 28, 1910, plaintiffs demanded payment of the balance of $10,000 due on the purchase price of said lands, but, defendants being unable to pay same, an agreement was entered into that the time of payment of said sum of $10,000 should be extended to the 1st day of February, 1911, and a new note given therefor, in the sum of $15,000, which note was executed and delivered, and said note is alleged to be the note sued on herein. It is further alleged that said agreement and the taking of said note was corrupt and usurious.

Demurrer was filed to this answer, which was overruled, and reply filed containing a general denial and admitting the execution of the contract set out in the defendants' answer with reference to the sale of said land, but alleging that the full purchase price thereof was not paid according to the terms thereof, and that time was specifically made of the essence of the contract, and by reason of the default of defendants in not making payments according to the terms thereof plaintiffs were entitled to and did elect to treat said contract as at an end and that thereafter, on the 28th day of July, 1910, the parties entered into a new agreement whereby said lands were sold and conveyed to the defendants. The case was tried to a jury, which returned a verdict for defendants.

The errors assigned are considered together as practically presenting the same question. On page 36 of plaintiffs' brief it is said:

"The matters upon which there was dispute in the evidence were found against the plaintiffs by the jury, and we shall not seek in this brief to question the well-understood and long-established rule of this court that it will not examine the evidence and weigh it in order to pass its judgment upon the correctness or incorrectness of any finding of the jury that is reasonably supported by the evidence. If the issues raised by the pleadings and testified about by the witnesses were of such nature as to sustain the defense pleaded and testified to, and if the same were properly submitted to the jury, then it will not be contended by us in this argument that there was not evidence supporting the jury's verdict."

The position taken by counsel is that the allegations of the answer do not constitute a defense to the plaintiffs' action, and that the evidence and all of the reasonable intendments and inferences drawn therefrom, considered in the light most favorable to the defendants, constituted no defense to the plaintiffs' right of recovery. There was a sharply drawn conflict in the evidence, and in the foregoing extract from counsel's brief it is admitted that the evidence was sufficient to sustain the allegations of defendants' answer. The controversy grew out of a contract by which defendants purchased certain lands for the purpose of platting them as an addition to the city of Oklahoma City, which contract provided that the full purchase price should be paid on or before June 25, 1910, and further provided that time was of the essence of the contract. The full amount of the purchase price was not paid upon this date, and payment of the balance due was demanded by plaintiffs. Being unable to pay the sum due, defendants sent a representative to see plaintiffs, and certain negotiations were had resulting in the execution of the note and mortgage sued on. The contention of the plaintiffs was that a forfeiture of the original contract had occurred and the subsequent dealings resulting in the execution of said note and mortgage were a new and different contract; while defendants contended that the balance of said purchase price, except the sum of $10,000, was paid, and an agreement entered into that the time of payment of the remaining $10,000 should be extended until February 1, 1911, and as a consideration for said extension a bonus of $5,000 should be paid. Plaintiffs say that, time having been made of the essence of the contract, they had the right to declare the same terminated and all payments theretofore made forfeited, and that they had the right thereafter to enter into a new and subsequent contract upon

any consideration the parties might mutually agree upon. The law is now established in this state that, where it is expressly stipulated in the contract that time is of the essence thereof, there must be compliance with its terms within the time specified or no recovery can be had upon such contract. Powers v. Rude, 14 Okla. 381, 79 Pac. 89; Federal Trust Co. v. Coyle, 34 Okla. 636, 126 Pac. 800; Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222.

In Helm v. Rone, 43 Okla. 137, 141 Pac. 678, it was held that, where a vendee pays money in part performance of an executory contract of sale of real estate and fails to perform it, he cannot recover of the vendor the amount so paid. Had the plaintiffs terminated their contract with defendants and refused to be further bound thereby, and refused to accept payments after the time of its expiration, and refused to give further releases or deeds thereunder as they had a right to do, and these had been acquiesced in by defendants as claimed, there could be no reason why the parties might not have entered into a new contract for the purchase of that part of the lands not theretofore conveyed under the original contract. But there is evidence to show that after June 25, 1910, plaintiffs demanded payment of the balance due upon the original contract with interest thereon and damages for breach of the contract, and accepted payment of $3,100 thereon and executed releases for certain lots which had not theretofore been conveyed, and at the time of the execution of the note in suit accepted a payment of $12,200 in money. While the law is that time is of the essence of the contract when made so by its terms, and that payments made upon an executory contract for the purchase of real estate where time is of the essence thereof will be forfeited upon failure to pay the full purchase price according to its terms, yet a vendor for whose benefit such provision is inserted in the contract may waive this condition, and where after the expiration of the time fixed he receives payment of the purchase price without objection, he waives the forfeiture, and will not afterwards be permitted to claim that the contract has been forfeited. 39 Cyc. 1394.

In Berry v. Second Baptist Church, 37 Okla. 117, 130 Pac. 585, this rule was applied, and in the course of the opinion it was said:

"Even when time is made the essence of the contract, a party may waive a strict compliance with the stipulations with regard to time. 'If the court finds that, although time was of the essence of the contract, yet the defendant has waived his right to insist upon the strict performance either expressly or by acquiescence in plaintiff's laches, as where his conduct after failure to perform

on the day indicated that he would accept a delayed performance, a decree of specific performance will be granted the plaintiff as if time had not been of the essence.' 6 Pom. Eq. Juris., sec. 813."

Plaintiffs cite a number of cases from other states in support of their right to declare a forfeiture, but it is sufficient to say they recognize the rule that, when parties have entered into a contract which one of them is unable to fulfill and which is terminated, the parties have a right to make a new arrangement and a new deal upon such terms as they see fit. All the cases turn upon whether or not the contract was terminated and a new arrangement entered into.

Plaintiffs had a right to accept payment of the balance due in any manner they saw fit, and if they agreed to accept $12,200 in money and the note in question as payment of the balance, there was nothing inconsistent with the original agreement in their so doing. The vital and turning point is whether plaintiffs stood upon their right to insist upon a forfeiture of the contract and of the payments made, and thereafter entered into a new agreement for the sale of the remaining lots at a different consideration, or whether they accepted the additional sums as payments upon the original contract and consented to an extension of time for the payment of the balance due and exacted as a consideration for such extension a bonus of $5,000. By the terms of the original contract, when the entire consideration was paid, defendants were entitled to a deed for all that portion of the premises remaining unsold, and the acceptance of the cash sum and note and mortgage as full payment and the delivery of the deed might have been agreed upon between the parties as a performance of the terms of the original contract, and this the jury found they did.

The fourth instruction requested by plaintiffs and refused was, in substance, that in order to establish the charge of usury it must be shown that the taking, reserving, receiving, or charging the excessive rate of interest was knowingly done, and that, if defendants had failed to establish that the additional $5,000 was knowingly charged for granting an extension of time of payment of the balance due, and unless such extension was the only consideration prompting the defendants to enter into the contract of purchase consummated in July, 1910, then the verdict should be for plaintiffs. The request assumed as a fact that a contract of purchase was consummated in July, 1910, and is objectionable in this particular because that was the vital issue in the case. Other than this the propositions embraced herein are covered by the general instructions wherein the

court instructed the jury that, if at the time of the execution of said note for $15,000 the defendants only owed the plaintiffs the sum of $10,000, and that if the other $5,000, the difference between the amount then due as claimed and the face of the note, was a usurious charge for an extension of the time of payment, they should find for defendants, and as a converse to this proposition instructed them that, if the parties had entered into a contract as claimed by plaintiffs by the terms of which time was made of the essence thereof, and if the amounts agreed to be paid had not been paid according to its terms, and if plaintiffs exercised their option and declared said contract at an end, and thereafter plaintiffs and defendants entered into a new contract by the terms of which plaintiffs sold defendants the property in question for an agreed sum in cash and the balance to be due in a certain time thereafter, and if the consideration for the note sued upon was the payment of the balance due upon this alleged subsequent contract of sale, and was not a bonus for the extension of time of payment of a balance due upon the original contract, they should find for the plaintiffs. The specific objection to the instructions given is that they did not tell the jury that said sum, if exacted as a consideration for the extension of time for the payment of a balance due upon the original contract, must have been knowingly charged. Of course, if a new contract was entered into as claimed by plaintiffs, no usury existed, for usury can only attach to a loan of money or the forbearance of a debt, and on a contract for the sale of property the parties may agree upon a cash price and upon as large an addition thereto as will suit themselves, if credit be given, and the manner of ascertaining the enhanced price is immaterial. In such case the transaction is not usurious; for it is neither the loan of money nor the forbearance of a debt, but simply the contract price of property sold, and the difference between the cash and credit price thereof must be left exclusively to the contract of the parties, and no amount of addition to the cash price fairly agreed upon can be construed as usury. Briggs v. Steele. 91 Ark. 458, 121 S. W. 754; Davidson v. Davis, 59 Fla. 476, 52 South. 139, 28 L. R. A. (N. S.) 102, 20 Ann. Cas. 1130; Brooks v. Avery, 4 N. Y. 225; Appeal of Trine (Pa.) 13 Atl. 765; Shirkey v. Hunt, 18 Tex. 883.

By their verdict the jury found that the payment of $12,200 was made upon the original contract, leaving a balance due thereon of $10,000 for the payment of which a note was executed maturing Feb. 1, 1911, and as a bonus for the extension thereof the sum of $5,000 was charged. Taking this view of the facts, no other conclusion could be

reached than the charging of said sum was knowingly done, and the failure of the court to state in the instructions that the amount must have been knowingly charged could not have operated to the prejudice of plaintiffs; and we are therefore precluded from reversing this case for the alleged error by reason of section 6005, Rev. Laws 1910. Commercial Nat. Bank v. Phillips, 61 Okla. 179, 160 Pac. 920.

The other requests by plaintiff were substantially covered in the instructions given.

It results from the foregoing that the verdict of the jury must be sustained, and it becomes unnecessary to consider the question whether plaintiffs were entitled to recover an attorney's fee.

The judgment is affirmed.

All the Justices concur.