## AETNA BLDG. & LOAN ASS'N v. HAHN et al.

No. 10029—Opinion Filed March 22, 1921.

Rehearing Denied May 31, 1921.

(Syllabus.)

**Building and Loan Associations—Loans—Interest—Stock—Payments—Usury.**

The contract by which a party becomes the owner of shares of the stock of a building and loan association, to be paid for in monthly installments running through a long series of years, and borrows from the association on his stock, the interest on the loan being the legal rate, is not to be treated as a usurious loan, the payments supposed to constitute the usury, by the terms of the contract, bing made on the stock debt, not the loan.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by the Aetna Bldg. & Loan Association against Virginia Elizabeth Hahn in person and as administratrix of the estate of C. A. Hahn, deceased, on note and mortgage. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Jno. D. Rogers, for plaintiff in error.

Bridges & Vertrees and E. B. Anderson, for defendants in error.

JOHNSON, J. This is an appeal from the district court of Jefferson county; Hon. Cham Jones, Judge.

On the 21st day of February, 1917, the plaintiff commenced an action in the district court of Jefferson county against the

defendant in person and as administratrix of the estate of C. A. Hahn, deceased, to recover the sum of $153.18, with interest thereon at the rate of 10 per cent. per annum to the 21st day of February, 1917, and for costs and $25 attorney's fees, alleged to be the balance due on a promissory note executed by the defendant and her deceased husband on the 1st day of February, 1909, and to foreclose a mortgage on lots 25 and 26, block 18, in Waurika Heights addition to Waurika, Okla.

The plaintiff alleged, in substance, that it was a building and loan association organized under the laws of the state of Kansas, and authorized to do business in the state of Oklahoma, and that at the time of the execution of the note in controversy C. A. Hahn, deceased, and defendant were the owners of two shares of series stock in class A of said building and loan association, and that said note was for the sum of $450, was due and payable on or before ten years after date with interest thereon at the rate of 6 per cent. per annum, payable in monthly installments of $2.25 each, also monthly premium of $1.50 being payable on the 5th day of each and every month, making copy of said note exhibit "A" to the petition and alleging that at the time of execution thereof said defendants executed a mortgage deed covering the said lots to secure said note, making a copy of the same exhibit "B" to plaintiff's petition.

The plaintiff further alleged, in substance, that the defendants failed to make payments due on said note and stock on the 5th day of July, 1914, but made default, and failed to make any payments due since said date, by reason of which failure and default the conditions of said mortgage were broken and the plaintiff became entitled to foreclose the same, and that at the time of the execution of said note and mortgage the defendants assigned said shares of stock to the plaintiff as additional security for said note, interest, dues, premiums, and fees and that the defendants had been given credit for the value of said shares of stock in the sum of $416.40, leaving the sum of $153.18 due, as hereinbefore stated.

On April, 7, 1917, the defendant, Virginia Elizabeth Hahn, filed her answer, admitting the execution of the note and mortgage, and that nothing had been paid upon the note since the 5th day of June, 1914, but alleging as a defense that from the first day of February, 1909, to the 5th day of June, 1914, the defendant and her late husband had paid the sum of $579.50, and prior to said first day of February, 1909, had paid the sum of $15, making a total of $592.50, paid in monthly installments of $8.75 each, and that said contract was therefore unlawful, usurious, and constituted the plaintiff a lender and the defendant a borrower of said money without the protection of the building and loan law of the state of Oklahoma, and prayed that the plaintiff recover nothing and that the defendant recover judgment for such sum as may be shown to be more than the plaintiff was entitled to receive.

On the 16th day of July, 1917, the plaintiff filed its reply, consisting of a general denial, and denying that the defendants had paid any amount in excess of the amount allowed by law.

A jury was waived, and the cause was tried to the court, and the defendant was awarded a judgment by the court in the sum of $142.50, to reverse which judgment this proceeding in error was regularly commenced in this court.

The trial court made no separate findings of fact and conclusions of law, but the facts found by the trial court, as recited in the journal entry of the judgment, were that the defendant and her late husband executed their note to the plaintiff in the sum of $450, and to secure the payment of said sum placed as collateral security with the plaintiff the stock subscribed for, and gave their real estate mortgage upon the lots described in plaintiff's petition, and that at the time the husband, Charles Hahn, made application for the loan the plaintiff charged a premium of $1.50 per month for the loan of said money, and the same was charged by plaintiff arbitrarily and without competitive bid, and in addition thereto charged interest at the rate of $2.25 per month, payable monthly, and that in addition to interest and premium the plaintiff required the defendants to pay the sum of $5 per month on the stock subscribed for, and that said transaction was usurious and was entered into by plaintiff with the intention of avoiding and evading the laws of the state of Oklahoma regulating the rate of interest to be charged, and that by reason thereof the plaintiff was not entitled to receive or recover any interest upon the amount loaned, and that the defendants had paid to plaintiff up to the 5th day of June, 1914, the sum of $592.50, and by reason thereof the sum of $142.50 was paid to the plaintiff that it was not entitled to receive; and then rendered judgment in favor of the defendants for the sum of $142.50, being the difference between the sum so paid by the

defendants and the sum of $450 borrowed from the plaintiff.

These findings and conclusions of the court are assigned as error by the plaintiff and argued in the brief of counsel.

The defendants offered no testimony upon the trial of the cause.

The controlling questions are: Was the interest in excess of 10 per cent. received or exacted by the lender, and if so, was it knowingly done with a corrupt intent to evade the law against usury? If so, the lender is guilty whatever may have been the scheme or plan employed by the lender.

The burden of proof, however, is upon the borrower to make his case; the necessary facts to such conclusion will not be presumed.

The plaintiff's evidence consisted of the stock certificate for the two shares of stock, and note and mortgage, and copy of constitution and by-laws of the plaintiff in force at the time the loan was made and in force at the time of the trial; and the testimony of the agent of the plaintiff who took the defendants' subscription for the stock and the application for the loan, and the agent of the plaintiff who inspected the loan and the officers of the company at the home office, each of whom testified at considerable length and practically without objection.

The undisputed testimony is in effect that the agent of the plaintiff informed Mr. Hahn at the inception of the negotiations that the plaintiff loaned money to its stockholders only; that if he became a stockholder the plaintiff would make him a loan at straight 10 per cent. per annum, payable in monthly installments, to be secured by a mortgage on the premises and assignment of his shares of stock as collateral security; that the stock would participate in the profits of the company to be credited semi-annually, and that if the interest and stock payments were kept up for the term of 112 months, the borrower

in this instance would be entitled to have his note of $450 and stock canceled and would receive in cash $550.

That the stock transaction as to the purchase of the stock was closed and four months thereafter the loan was made; that 69 monthly payments of $5 each were made on the stock and 65 monthly payments of interest of $3.75 each and one fractional payment of $1.88, and no more, after which payments on both stock and interest ceased; that some time thereafter the directors of the plaintiff closed both accounts; that the stock account stood as follows:

| | |
|---|---:|
| 69 payments of $5.00 each | $345.00 |
| Dividend earned | 119.40 |
| Book value | 464.40 |
| Less 10% of dues____$34.50 | |
| Less fines _____ 13.50 | 48.00 |
| | $416.40 |

—as authorized by Rev. Laws 1910, sec. 1305, and sections 6 and 10, art. 3, constitution and by-laws.

That no premium was charged upon this loan; the testimony being that two separate accounts were kept in the home office, one an interest account and the other a stock account; that they were kept in different departments, and by different clerks or employes. That the interest account was credited monthly on this loan with $3.75 (except for the month of January, 1909, which was fractional, being in the sum of $1.88) from February, 1909, to June 4, 1914, the amount of such credits aggregating $245.63, and no more. That the stock account was credited, beginning October, 1908, with $5 each month up to June, 1914, aggregating $345, also by semi-annual dividends at the rate of 4 per cent., aggregating on the said date the sum of $86.28, and from that day, which was the date payments on interest and stock ceased. That the stock account was thereafter credited with dividends in the sum of $33.12, and was charged with fines, $13.50, 10 per cent. of dues, $34.50, making $48, leaving a balance due borrower on account of stock, $416.40, which was credited on the principal note at the time this action was commenced, as hereinbefore stated. That this stock participated in the dividends earned to the amount and in the same manner of all other stock issued by the company.

It is clear from the evidence that this loan was a straight loan of $450, with interest thereon at the rate of 10 per cent. per annum, payable in monthly installments of $3.75, and that no other or greater amount was exacted or reserved.

"Where a party is a stockholder in a building and loan association and afterwards becomes a borrower from the same association, the two transactions have no connection with each other, and cannot be comingled to support an action in usury." Thompson on Bldg. Ass'ns (2nd Ed.) sec. 263, citing Equitable B. & L. Ass'n v. Vance, 49 S. C. 402, 27 S. E. 274.

"Interest at the lawful rate may be charged on the principal of the loan, without regard to the weekly or monthly reductions, and because the interest is payable monthly or weekly does not render it usurious. * * * Where a loan is made by an association on a pledge of its own shares, the rule for computing interest on partial payments has no application to the monthly dues paid on the

shares so pledged, and such payments do not bear interest, or reduce the amount on which interest is to be paid. In considering the question of usury in a loan from an association, payments made by the borrower as dues on his stock are not to be considered as interest, since such payments are not made for the use of the money borrowed, but in order to acquire an interest in the property of the association." Thompson on Bldg. Ass'ns (2nd Ed.), sec. 266; Id., sec. 262, citing Richards v. S. W. Building, etc., Ass'n (La.) 21 South, 643; Id., sec. 210, citing Reeve v. Ladies', etc., Ass'n (Ark.) 19 S. W. 917.

This being the testimony of the plaintiff, which was not disputed by the defendants, we find, and so hold, that the findings and conclusions of the trial court "That such transaction was usurious and was entered into by the plaintiff with the intention of avoiding and evading the laws of the state of Oklahoma regulating the rate of interest to be charged, and that by reason thereof the plaintiff is not entitled to receive or recover any interest upon the amount loaned," are without any evidence to support them, and are therefore erroneous, and such findings and conclusions must be disapproved.

Compiled Laws 1909 was the applicable law in force in this state (art. 8, Rev. Laws 1910) on the date that the contracts involved were entered into.

The evidence in this case further discloses that there were 18,691 stockholders representing 38,056 shares of stock of the value of $5,635,438, and that C. A. Hahn, husband of defendant, held two shares of this stock; that the plaintiff had operated in Oklahoma for about 20 years and had loaned over $10,000,000 during that time and at the time the testimony was given had $3,000,000 invested for the stockholders in first real estate mortgages in Oklahoma, which were earning the stockholders not less than 4 per cent. semiannually, and that Mr. Hahn had received his pro rata share of such earnings. The evidence also discloses that the association had been doing business in Waurika, Okla., for about 15 years, and at that time had about 37 loans in force in that city.

This evidence removes any question as to the shares of stock of the association being held by other than small stockholders, there being 18,691 stockholders and 38,056 shares, making a little more than two shares of stock to each stockholder; and conclusively shows that the plaintiff was created and is being operated and maintained for the purpose of accumulating a fund by the monthly subscription of savings of its members to assist them in building or purchasing for themselves dwellings or real estate by loaning to them the requisite money from the funds of the association upon good security, and for the purpose of enabling members and stockholders thereof to provide a fund by means of small periodical payments which can be loaned to members upon advantageous terms for the purpose of enabling them to become home-owners, and thus to encourage thrift and economy and thereby promote good citizenship, and to accommodate the poor and less fortunate members of society by permitting them to make payments of small sums out of their current wages, and thus obtain the means of owning modest homes; that the organization was mutual, and that the stockholders share and share alike in the benefit and profits as well as the losses of the association. This was one of the requirements which this court held to be necessary in the case of Midland Savings & Loan Co. v. Nicoll, 76 Okla. 27, 183 Pac. 731, and the case of Holt v. Aetna Bldg. & Loan Ass'n, 78 Okla. 307, 190 Pac. 872; 9 C. J. 920, 921; Thompson on Bldg. Ass'ns (2nd Ed.) sec. 124; Midland Savings & Loan Co. v. Deaton et al., 57 Okla. 622, 157 Pac. 285.

Having reached the conclusions announced above, we think the case comes clearly within the rule announced by this court in the case of Holt v. Aetna Bldg. & Loan Ass'n, supra, and in Aetna Bldg. & Loan Ass'n v. Rouch, 32 Okla. 735, 124 Pac. 24. Therefore proper credits must be given to the note and interest should be allowed at the legal rate.

It follows that plaintiff is entitled to judgment for the principal of the note sued on, $450, with 10 per cent. per annum from February 1, 1909, which amounted to $362.50 on February 21, 1917, or principal and interest, $812.50, and that the defendants had paid on account of interest and stock, with dividends thereon, $662.03, which, being applied upon the amount due upon the note with accrued interest, leaves $150.47, at that time due the plaintiff.

The judgment of the trial court is reversed, and the cause remanded, with directions that judgment be rendered in favor of the plaintiff for the sum of $150.47, with interest thereon at the rate of 10 per cent. per annum from February 21, 1917, and $25 attorney's fees, and for costs incurred in both courts.

HARRISON, C. J., and PITCHFORD, KENNAMER, and NICHOLSON, JJ., concur.