## SAPULPA REFINING CO. v. SIVALS.

No. 14291—Opinion Filed Sept. 18, 1923.

1. **Fraud—Burden of Proof.**

It is well settled that fraud is not to be presumed, but must be established by proofs, the burden being on the party alleging it.

**2. Trial—Directing Verdict—Failure of Defendant's Proof.**

When the plaintiff is entitled to recover unless an affirmative defense, which has been pleaded, is sustained by the evidence, is is not error for the court to direct a verdict for the plaintiff where the evidence produced by the defendant and all the inferences which may be reasonably drawn therefrom do not present such a case as would permit the jury to return a verdict for the defendant.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action by C. A. Sivals against Sapulpa Refining Company upon an unconditional contract for the payment of money. Judgment was rendered for the plaintiff, and defendant appeals. Affirmed.

Geo. L. Mann, for plaintiff in error.

Hughes, Foster & Ellinghausen and James H. Cobb, for defendant in error.

Opinion by PINKHAM, C. Defendant in error, as plaintiff, commenced this action against the plaintiff in error, defendant below, in the superior court of Creek county, upon a contract for the unconditional payment of money, which contract was attached to plaintiff's petition and made a part thereof.

"The parties will be referred to as they appeared in the trial court.

The plaintiff recovered judgment, from which defendant prosecutes error.

At the conclusion of all the testimony the plaintiff demurred to the testimony offered on behalf of the defendant, upon the ground and for the reason that the same, with all intendments, did not establish, or tend to establish. any defense to the plaintiff's action, and requested the court to instruct the jury to return a verdict for the plaintiff. Whereupon the court instructed the jury to return a verdict in favor of the plaintiff and against the defendant for the full amount sued for.

The only error assigned and relied on is the action of the trial court in directing a verdict for the plaintiff.

An examination of the record in this case discloses that on the 18th day of October, 1920, the plaintiff and defendant entered into a contract in writing by the terms of which the plaintiff agreed to drill an oil well for the defendant, for $5 per foot and $100 per day for all time consumed in underreaming. The contract further provided that if the plaintiff should fail to complete the well, he should remove the rig, and drill another well without expense to the defendant.

The plaintiff commenced work on the well in question, and drilled the same to about the depth of 1,730 feet. consuming in so doing practically a year's time, when differences arose between the parties in relation to the contract, whereupon a compromise agreement was entered into on the 10th day of October, 1921, whereby their differences were adjusted.

In the compromise agreement it is recited that the defendant on that day (October 10, 1921) paid to the plaintiff the sum of $5,785.66 and agreed that the balance due the plaintiff was $4,364.66, which amount was expressly admitted by the defendant as the correct amount due the plaintiff for his work under the first contract. It was further agreed that said last mentioned sum should become due and payable within four months from the date of the said agreement, and that if said payment is not paid when due, the defendant should pay a reasonable attorney's fee should it become necessary to institute legal proceedings for the collection of the same.

Defendant's answer admitted the execution of both contracts, and admitted the other facts pleaded in plaintiff's petition. The answer then set up an affirmative defense, which may be briefly stated as follows: That the hole was drilled by the plaintiff for the defendants, that the same was crooked to the depth of 1,450 feet; that the plaintiff knew of said fact, or should have known the same by the exercise of ordinary care, diligence, and skill; that at the time of the compromise agreement, on October 10, 1921, the plaintiff concealed from the defendant the fact that the hole was crooked; that defendant had no knowledge of said fact until after said compromise agreement was executed; that had defendant known said hole was crooked, it would not have executed the compromise agreement and would not have agreed to pay the plaintiff any sum of money whatever; and that by reason of the fact that the hole was crooked, the defendant was compelled to abandon the same at something over 1,900 feet.

Defendant's answer was based upon a charge of fraud and deceit practiced by the plaintiff upon the defendant, at the time of the execution of the compromise agreement in that the plaintiff concealed from the defendant the fact that the hole was crooked, and that the defendant had no knowledge of that fact until after the compromise agreement was entered into.

It therefore was necessary for the defendant to establish not only the fact that the hole was crooked, but that the plaintiff did not disclose to it that fact, or that the defendant did not have independent knowledge

of the condition of the well at the time the compromise settlement was made.

It is well settled that fraud is not to be presumed, but must be established by proofs, the burden being on the party alleging it. 12 R. C. L. 424; Ripy v. Wall Paper Mills, 41 Okla. 20, 136 Pac. 1080.

It was necessary for the defendant, in order to sustain its allegations of fraud, to do so by a preponderance of the evidence so great as to overcome all opposing evidence, and repel the opposing presumptions.

"It should be of such weight and exigency as to satisfactorily establish the wrongful conduct charged; honesty and fair dealing as a rule being presumed." Moore v. Adams et al., 26 Okla. 48, 108 Pac. 392.

The charge in the answer of the defendant was not only that the hole was crooked, but that the plaintiff concealed that fact from the defendant, at the time the compromise agreement was made.

The only witnesses produced by the defendant were two drilling contractors who were employed by the defendant to drill the well deeper, after the execution of the compromise agreement, and the work was turned over to the defendant by the plaintiff. These two witnesses testified that the hole was crooked. The defendant says in his brief:

"The testimony of the two witnesses above named is sufficient to reasonably establish the fact that the hole was crooked, so that no driller could complete it."

The testimony of these two witnesses going only to the fact that the hole was crooked, with all the inferences to be reasonably drawn therefrom, was not sufficient to permit the jury to return a verdict for the defendant.

"Where the plaintiff is entitled to recover unless an affirmative defense, which has been pleaded, is sustained by the evidence, it is not error for the court to direct a verdict for the plaintiff where the evidence produced by the defendant and all the inferences which may be reasonably drawn therefrom do not present such a case as would permit the jury to return a verdict for the defendant." Fitzpatrick v. Nations, 30 Okla. 462, 120 Pac. 1020.

The plaintiff's demurrer to the testimony produced on the part of the defendant admitted that the hole was crooked at the time of the execution of the compromise agreement, but there is not a line of testimony in this record tending to show that the plaintiff did not disclose to the defendant the condition of the well, or that the defendant did not have independent knowledge of the fact that the hole was crooked

at the time the parties settled their differences by the terms of the compromise agreement.

"When it lies within the power of a party to an action to produce evidence upon an issue and he fails, the presumption follows that the evidence if produced would be unfavorable to the cause of such party." Moore v. Adams, supra.

A careful examination of the entire record discloses the total absence of evidence tending to sustain the affirmative defense pleaded in defendant's answer.

"Where, under the pleadings, the plaintiff is entitled to recover unless a certain affirmative defense therein pleaded is sustained, no evidence being produced tending to support such a defense, a verdict should be directed in favor of the plaintiff." Offutt v. Wagoner, 30 Okla. 458, 120 Pac. 1018; Harrah & Co. v. First Nat. Bank of Tonkawa, 26 Okla. 620, 110 Pac. 725; Fitzpatrick v. Nations, 30 Okla. 207, 94 Pac. 1020; Cockrell v. Schmidt, 20 Okla. 207, 94 Pac. 521.

For the reasons stated, we think the trial court did not err in directing a verdict for the plaintiff, and that the judgment must be affirmed.

By the Court: It is so ordered.