**EDWARDS et al. v. NEGIM & CO.**

No. 13769—Opinion Filed Sept. 16, 1924.

Rehearing Denied Dec. 16, 1924.

1. **Subrogation—Chattel Mortgages—Rights of Attaching Creditor Paying Off Mortgage.**

Where an attaching creditor, before the levy of his writ of attachment, pays off certain mortgages and afterwards levies his attachment on the property covered by the mortgages, he is subrogated to the rights of the mortgagee as against the property. But where his attachment fails, he has an equitable lien against the property for the amount that he paid to discharge the mortgages.

2. **Appeal and Error—Disposition of Cause—Enforcement of Rights of Attaching Creditor Paying Off Mortgage—Equitable Lien After Failure of Attachment.**

In a case where the plaintiff is suing on his equitable lien for the money he paid to discharge the mortgage on property which he thereafter attaches, and his attachment fails. he is entitled to enforce his equitable lien against the property covered by the mortgages: and where the court in its judgment orders the mortgage foreclosed to satisfy the plaintiff's equitable lien, and where the property has been placed in the hands of a receiver by the court and sold, and the money remains in the hands of a receiver at the time the judgment is rendered, it was error or irregular for the court to order the property sold to satisfy the lien. Yet the court will not reverse the case on account of such error, because the court reached the correct result, and this court will direct the trial court to enter the proper orders to protect the plaintiff in his equitable lien.

3. **Appeal and Error—Review—Harmless Irregularities.**

Where the judgment of the trial court is supported by the evidence and is clearly just, it should not be reversed upon appeal for mere irregularities not affecting the substantial rights of the plaintiff in error.

4. **Same.**

Although there may be some technicality or immaterial errors committed in the trial of the case, if upon the whole record it is apparent that a correct conclusion was reached and a just judgment rendered, the judgment will not be disturbed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by Negim & Company against J. P. Edwards and Mary Morgan. Judgment for plaintiff, and defendants appeal. Affirmed.

This action was commenced on February 18, 1921, by Negim & Company, a corporation, and the defendant in error herein, against J. P. Edwards and Mary Morgan, plaintiffs in error herein, in the district court of Ottawa county, Okla., for the purpose of recovering the sum of $900 for rent on a certain building in Picher, Okla., and on the same day sued out an attachment and caused the same to be thereafter levied on the property of J. P. Edwards, one of the defendants. Prior to the levy

of the attachment on said property,. Negim and Company, found there were two chattel mortgages on the property it ·desired to levy on, said mortgages ˙being held at the time by the Bank of Picher, Okla., and they proceeded under the statute, sections 4040-4041 of the Revised Laws of Oklahoma, 1910, and paid off said mortgages to the Bank of Picher, and took an assignment of said notes and mortgages, and then had the attachment levied on same. The parties will be referred to as they appeared in the trial court. Thereafter, on March 17, 1921, J. P. Edwards filed a motion to dissolve the attachment, which motion was on April 2, 1921, sustained by the court and the attachment dissolved. Thereafter, on the 12th day of March, 1921, the plaintiff in the trial court filed a supplemental petition in said cause alleging, in substance, that the plaintiff found two certain outstanding mortgages, executed by defendants J. P. Edwards and Mary Morgan to the Bank of Picher and L. M. Poynter, that plaintiff considered it necessary to purchase and take assignments of said mortgages and notes in order to levy said attachment on the property covered by said mortgages, which assignments of said notes and mortgages were taken prior to the levy of said attachment order, and that they did purchase said notes and mortgages from the holder thereof, and took assignments of same, and in said supplemental petition prayed that by virtue of said notes and mortgages and assignments thereof it be declared to have a lien on the property covered thereby and for the foreclosure of such lien. On March 17, 1921, the defendants J. P. Edwards and Mary Morgan each filed a separate demurrer to plaintiff's petition, which demurrers were, on April 2, 1921, overruled. On August 25, 1921, the defendants filed a separate answer denying generally the allegations in plaintiff's petition, and allege that prior to the levy of the attachment order on said property, the plaintiff, Negim & Company, purchased and had assigned to it the ·two notes held by the Bank of Picher, and that by reason of the purchase of said notes and mortgages and the levy of attachment on said property, that the plaintiff waived and discharged the lien of said mortgages on the property levied on under the writ of attachment. Defendant then set up an agreement he claimed was entered into between the plaintiff and himself at the time he rented the rooming house, described in the pleadings, whereby the plaintiff was to make certain improvements in the way of plumbing and otherwise, and alleges that plaintiff had never made said improvements and that he, the defendant Edwards, had been damaged in the ·sum of $1,200. He further alleged that he contracted to sell his lease on said building for $3,200, but that because of the failure of plaintiff to make. the improvements that it agreed to, the purchaser refused to take the property, to his damage in the sum of $1,100. Thereafter the plaintiff filed a motion to strike the two items in the cross-petition of Edwards, and said motion was sustained. Plaintiff filed a reply and denied generally the allegations of the answer and cross-petition of the defendant, Edwards. Thereafter, Edwards filed an amended cross-petition which was substantially the same as the original cross-petition except as to the paragraph which had been stricken out by the court. The new matter set up in the amended cross-petition was. in substance, that prior to the purchase by J. P. Edwards of the Mary Morgan lease, it was orally agreed between the plaintiff and Edwards that if Edwards would purchase and take an assignment of the lease of Mary Morgan, the plaintiff, in addition to the rooms covered by said lease, was to rent to him a set of rooms, known as the Joplin rooms, located in the same building and permit the cross-petitioner to sell his leasehold interest and right in all of said property, thereby making it a commercial lease; that such transaction constituted a new consideration, and when the lease was purchased by Edwards became an executed oral agreement, even though the plaintiff thereafter failed to perform its part of said agreement.

Then the defendant, Mary Morgan, filed a general denial to plaintiff's petition, and the case was thereafter called for trial, and at the beginning of the trial, the defendants objected to the introduction of any evidence under the original petition or supplemental petition, which objection was overruled by the court. Defendants also objected to the introduction of the notes and mortgages which had been purchased by the plaintiff prior to the levy of the attachment on the ground that by the purchase of said notes and mortgages by the plaintiff the mortgage lien was extinguished by levying on the property under the writ of attachment. This objection was overruled.

At the trial, the defendant Edwards offered evidence tending to show that before he purchased the Mary Morgan lease he made an oral contract with the plaintiff wherein it was agreed that if Edwards would purchase a lease from Mary Morgan and move in to and occupy their rooms cov-

ered by said lease, the plaintiff would lease to Edwards a certain set of rooms adjoining the rooms mentioned in the Morgan lease, and that in pursuance of such agreement Edwards purchased or arranged for the furniture with which to furnish said Joplin rooms, and did purchase and take an assignment of the Mary Morgan lease, and did move into and occupy the rooms covered by such lease, and that said Edwards would not have purchased the Mary Morgan lease, but for the fact and understanding that he was to have the Joplin rooms, and plumbing and other improvements heretofore mentioned. The court first admitted a portion of this testimony and thereafter on motion of plaintiff excluded the whole of such testimony, and the defendant excepted. The defendant then made an offer to prove all of the matters that he had set up in his cross-petition, but said offer was denied by the court, and on objection of the plaintiff the court struck out and refused to let the jury consider any of the evidence offered by defendant. At the close of the testimony, the court gave, among others, instruction No. 3 which instruction is as follows:

"You are instructed that under the evidence in this case the plaintiff is entitled to recover of and from the defendants, J. P. Edwards and Mary Morgan upon his first cause of action, that being for rentals due, the sum of $1,050, with interest thereon at the rate of 6 per cent per annum from the 1st of September, 1921; and that the plaintiff is further entitled to recover from the defendant, J. P. Edwards, the sum of $875 upon the promissory note executed by Edwards to the Bank of Picher, with interest thereon at the rate of 10 per cent from July 19, 1920, together with the further sum of $87.50 as attorney fee as provided by the terms of that note; and that the plaintiff is also entitled to recover against the defendants Mary Morgan and J. P. Edwards the further sum of $125 upon the balance due upon the $750 note executed by them to L. M. Poynter, together with interest on $125 at the rate of 10 per cent per annum from August 19, 1919, together with the further sum of $12.50 as attorneys fees upon that note, Gentlemen, the reason I say $25 it provides for a $75.00 fee which is just 10 per cent of the principal, and I am telling the jury that he is entitled to recover—that the plaintiff is entitled to recover—10 per cent upon the unpaid principal upon that note"

—which was excepted to by the defendant. The jury returned a verdict against the defendants for $1,632.60 and the court entered judgment on the verdict and ordered a foreclosure of the liens sued on. Motion for new trial was filed by the defendant and

overruled by the court, and the case has been duly appealed to this court. Other facts will be referred to in the opinion.

A. Clark and M. W. Hinch, for plaintiffs in error.

D. H. Wilson, for defendant in error.

Opinion by MAXEY, C. This case turns largely on the construction of section 7660 and 7661, Comp. Stat. 1921, which read as follows:

"7660, Mortgaged chattel may be attached. Personal property mortgaged may be taken under attachment or execution issued at the suit of a creditor of a mortgagor.

"7661. Same—Rights of Mortgagee. Before the property is so taken the officer, on execution, or attachment creditor, must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county treasurer, payable to the order of the mortgagee. In the event that the attachment or execution levied on such property is defeated or for any reason fails, and the attachment or execution lien is held not good, and such deposit has been made with the county treasurer, the party procuring the issuance and levy of said attachment or execution shall be subrogated to all rights of the mortgagee in and to said property."

The question involved in this case has been before this court a number of times, and while the different decisions seem to be somewhat conflicting and confusing on account of the difference in the facts of each particular case, we think they can be reconciled, and as we construe them, they have established this rule, that is when a party desires to levy upon personal property that is subject to a chattel mortgage, he must first pay or tender to the mortgagee the amount due under the mortgage, and if the mortgagee refuses to accept payment of the amount due he may then pay the amount to the county treasurer to be placed to the credit of the mortgagee, and then proceed to levy his attachment or execution on the mortgaged property and when said writ is so levied on the property, the mortgage lien is released or discharged, and if the attachment or execution fails, the plaintiff may proceed to judgment for his debt, and he may also set up the purchase of the mortgage lien and ask to be subrogated to the right of the mortgagee as against the property, and while he cannot, strictly speaking, foreclose the mortgage, he has an equitable lien against the property which is paramount to any other debt that the mortgagor may owe, and he can foreclose in the same suit his equitable lien against the property. This situation is brought about by the rule

that two conflicting liens cannot exist at the same time against the same property, and where the plaintiff in the attachment suit or execution thinks he will gain some advantage by paying off the mortgage lien and proceeding under his execution or writ of attachment against the property, it is not the intention of the law to deprive him of his equitable lien against the property for the amount he paid to discharge the mortgage lien. The following cases seem to bear out the construction we have placed on this statute: Dix v. Smith, 9 Okla. 124, 60 Pac. 303, 50 L. R. A. 714; Crimson v. Barse Live Stock Commission Co., 17 Okla. 117, 87 Pac. 876; Bailey v. Willoughby, 33 Okla. 194, 124 Pac. 955; Rooney v. McPherson, 38 Okla. 411, 133 Pac. 212; Johnson v. Jones, 39 Okla. 323, 135 Pac. 12; Seamans Oil Co. v. Mitchell, 87 Okla. 13, 208 Pac. 801; Bell-Wayland Co. v. Miller-Mitscher Co., 39 Okla. 4, 130 Pac. 593.

Again quoting from Dix v. Smith, the court said:

"At common law, the equity of a mortgagor in property could not be attached, but by the statutes of several of the states, this rule has been changed so that the interest of a mortgagor in chattel property may be attached, garnished, or seized and sold under execution. This, however, can only be done by statutory permission. At common law, the legal title was, by the mortgage, vested in the mortgagee, and this title became absolute upon default. The mortgagor only had the equity of redemption—nothing more."

There seems to be a hiatus in the statute as it does not specifically prescribe the manner in which the purchaser of the mortgage may enforce his equitable lien against the property. But it is clear to us that he has such a lien and the trial court in this case may have been in error when it directed a foreclosure of the mortgage, but the court reached the right result and the error, if error, in directing a foreclosure of the mortgage was harmless. The property covered by the mortgage and levied on under the writ of attachment had been placed in the hands of a receiver soon after the commencement of this action, and had been sold by the receiver and the money was in his hands at the time of the trial of the case in the court below, and it would not make much difference what order the court made with reference to the foreclosure of the mortgage as that could not be done because the property had already been sold by the receiver and the money was in his hands. The proper order perhaps would have been to have satisfied his plaintiff's equitable lien

out of the money in the hands of the receiver. There can be no doubt about what the court found was due under plaintiff's equitable lien because the court sets it out specifically in instruction No. 3, heretofore quoted.

In regard to the oral agreement set up by Edwards in his answer that he had with Negim & Company, and which he offered testimony to prove, which said offer was denied by the court, it is sufficient to say that all of said negotiations set up in Edwards pleadings show on the face of the pleadings that said negotiations were had and discussed prior to the time that Edwards got his lease, and it is apparent that the court ruled out the testimony on the ground that the negotiations were had prior to the lease transaction. If it was an independent agreement it should have been reduced to writing, or if it was a part of the agreement that was to be incorporated in the lease, it should have been made a part of the lease, and the court was right in excluding the evidence.

It must be borne in mind that the plaintiffs in error, J. P. Edwards and Mary Morgan, were the mortgagors against whom the mortgagee held the mortgages which were paid off by the plaintiff, and they got the full benefit of having the mortgage they had executed paid off and discharged so far as they were concerned and the plaintiff acquired by his purchase of said mortgage and notes an equitable lien on the property for the amount that it had paid; and as before stated, it makes very little difference what order the court made, the money being in the hands of the receiver, the plaintiff is entitled to an order on the receiver to pay off these equitable liens, so far as the money in his hands will do so; and the court below, if it has not already done so, should make an order directing the receiver to pay off these two equitable liens of the plaintiff out of the money in his hands if the same is sufficient to do so, and make such order, with reference to the excess, if any, as shall be equitable and proper.

We can see no good that would come of reversing this case and remanding it for a new trial. As before stated, the trial court reached the proper result, and the case should be affirmed, with directions to the trial court to make such orders and decrees as herein indicated to the end that the plaintiff shall have his equitable liens discharged as far as the money in the hands of a receiver will do so, and if there be a surplus apply the same to the payment of the other judgment of the plaintiff. The

judgment of the trial court will, therefore, be affirmed with the above directions.

By the Court: It is so ordered.