**HICKMAN v. OKLAHOMA SAVINGS & LOAN ASS'N.**

No. 23265. Oct. 16, 1934.

Joe W. Simpson and Art Stanton, for appellant.

Chas. L. Moore and Massingale, Duff & Manatt, for appellee.

PER CURIAM. This was an action commenced in the district court of Tulsa county by Victoria Huddart Hickman, as plaintiff, against the Oklahoma Savings & Loan Association, organized and existing under the laws of this state as a building and loan association.

The plaintiff's petition sets forth three causes of action summarized as follows:

Under the first cause of action the plaintiff claims that she procured a loan from the defendant in the sum of $2,500, and secured said loan by the execution of a note in the principal sum of $2,500, also further securing such loan by a real estate mortgage upon lot 10 in block 3 in the city of Sand Springs, said note and mortgage calling for the payment of 10 per cent. interest; that she also executed other papers (which the evidence disclosed to be a contract for the purchase of 50 shares of installment stock) ; that she agreed to pay the sum of $45.83 monthly upon both contracts. $25 on the stock purchase contract and $20.83 as interest upon the loan; the stock was pledged as additional security for the loan.

She further alleges she paid the mortgage in full and that the same should be canceled and discharged and her title should be quieted.

Under the second cause of action, she alleges she had paid to the defendant more than 10 per cent. interest, and that the contract was usurious, and prays judgment for double the amount of such overpayment, together with an attorney's fee in the sum of $1,000, asking a total recovery in the sum of $4,455.12, with interest.

Under the third cause of action she alleges that by reason of said overpayment the mortgage should have been released upon demand, and that after demand the defendant refused to release the mortgage and prays for judgment of 31 per cent. as penalty for its failure to satisfy said mortgage.

The defendant answered by general denial and cross-petition, alleging that under and by virtue of the terms and conditions of the note and mortgage, payments had not been regularly made, and that the total sum due thereunder had not been paid, and that at the time plaintiff filed her action she was then delinquent and indebted to the defendant building and loan association in the sum of $208.30, with interest thereon at 10 per cent. from the 1st day of March, and for attorney's fees as provided by the note and mortgage. After trial had to the court and jury, a demurrer to the plaintiff's evidence was sustained, and a verdict directed by the trial court in favor of the defendant in the sum of $253.68, the amount found due, together with an attorney's fee in the sum of $25, and said judgment further provided for a foreclosure of the mortgage held by the defendant. No claim is made that the amount found due is not correct, if the trial court was right in its determination of the law.

It appears from briefs of the parties that the only question involved in this appeal is:

Did the court err in sustaining a demurrer to the plaintiff's evidence and in directing a verdict?

Appellant abandons all other assignments of error.

This appeal also raises the question whether or not a contract to purchase stock from a building and loan association, and a contract to borrow money from a building and loan association, both separately executed, can be commingled together and construed as one transaction and contract, so as to make the total sums, interest and all, paid upon both contracts usurious. If the appellant is correct in her contention, this cause must be reversed.

At the very threshold of this case we are met with the fact that it is not alleged in plaintiff's petition that there was misrepresentation or fraud practiced upon the plaintiff below in making of these two contracts, and no allegation of the petition charges artifice or deceit being practiced upon her to procure her signature to each of said contracts, neither is it alleged that she is unable to read. No allegation of the petition charges actionable fraud or misrepresentation in any particular. We will take up in detail the questions raised by this appeal.

Did the court err in sustaining a demurrer to the plaintiff's evidence, and directing a verdict for the defendant upon its cross-petition?

**If the two contracts are separate and cannot be commingled, the judgment below is right.**

We have read the record with exacting care. Most of the testimony presented by the plaintiff was in the nature of a variance of a written contract as well as an attempt to inject into the case oral negotiations, made prior to the execution of the written contracts; also plaintiff attempted to have both written contracts considered as one transaction.

"The execution of a contract in writing * * * supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." Section 9456, C. O. S. 1931.

The evidence introduced by the plaintiff attempted to prove oral negotiations or stipulations concerning the two contracts in question and made prior or contemporaneously with the execution thereof. This evidence was clearly inadmissible, in the absence of allegations of actionable fraud, deceit, and misrepresentation made to procure her signature. The trial court was right in sustaining objections thereto. There being no charge or allegations of fraud or misrepresentation made to procure the execution of either of said contracts, and none being proved, the law presumes none. The burden was upon the plaintiff below to bring herself within the exception so as to authorize the admission of oral testimony concerning any false or fraudulent representations made to induce the making of such contracts. This she failed to do, and the trial court rightly applied the rule by excluding all oral testimony of stipulations or statements made either by the defendant or its agents with the plaintiff which preceded or accompanied the execution of the two written contracts in question. Fraud must be alleged and proved; it is never presumed. Sapulpa Refining Co. v. Sivals, 92 Okla. 159, 218 P. 830; Davis v. Howe, 99 Okla. 118, 226 P. 316.

The record discloses that plaintiff and her counsel throughout the trial of the cause sought to have the two written contracts considered as commingled contracts for the purpose of predicating usury, and upon such attempt so to do the court rightfully sustained objections thereto. This was not error.

It is apparent that the trial court was rather liberal with the plaintiff in the admission of testimony. During the trial the court rejected testimony which might have been relevant, but not necessarily competent, and which testimony if it had been admitted, in view of our holding that both contracts are separate and cannot be commingled, could not have changed the result in this case; such error was harmless.

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Sec. 319, C. O. S. 1921 (25203, 1931); Edwards v. Negim & Co., 105 Okla. 7, 231 P. 488.

Both contracts entered into by the plaintiff definitely set out in detail the requirements to be performed by both parties. They were understandable and couched in everyday language. These contracts must be construed by the court in their common, ordinary language and enforced as such. This is not a question for a jury to determine. Smith v. First National Bank, 114 Okla. 293, 245 P. 653.

The execution of the two contracts in question discloses that they were made at different times. The application for the loan having been executed on the 21st day of April, 1923, and the application for installment shares of stock having been executed on the 25th day of April, 1923. The presumption naturally follows that both of these contracts were executed upon different dates, and were therefore separate transactions in their entirety.

The record does not disclose any effort on the part of the plaintiff to allege and prove that the dates of the execution were incorrect, or that any artifice or fraud was practiced upon her for the purpose of changing the dates or procuring her signature

thereto, as a scheme or an artifice to make them appear as separate contracts. In fact, the record discloses that the plaintiff expressly admitted that "Exhibit 1," being the application for the loan, was executed by her singly, and the plaintiff further testified that she did thereafter, on the 25th of April, execute the application for 50 shares of installment stock.

It has been repeatedly held in this state that a contract by which a party becomes the owner of shares of stock in a building and loan association and a contract by which such person borrows from the association are not to be treated as one contract so as to sustain a usurious rate of interest. Aetna Building & Loan Ass'n v. Hahn, 82 Okla. 110, 198 P. 331; Collings v. Industrial Savings Society, 94 Okla. 271, 221 P. 1036; McGuire v. Oklahoma City Building & Loan Ass'n, 112 Okla. 158, 241 P. 800.

In the last case, supra, this court expressly held:

"Where a party enters into a contract to purchase stock and to borrow money from a building and loan association, the two transactions have no connection with each other and cannot be commingled to support an action in usury."

Plaintiff's whole case is based on the proposition and attempt to commingle two separate written contract transactions into one, and add the payments made on both contracts together so as to support a claim for usury. Under the established rule in this court, such transactions cannot be commingled, and cannot be considered as one, and cannot support a cause of action for usury. We again hold these contracts separate and that they cannot be treated as one. There was no error on the part of the court in refusing to consider them as one transaction.

The contract of purchase for 50 shares of installment stock in the defendant building and loan association merely provided for the payment of $25 per month until the whole sum or par value had been paid by payments and accumulated dividends estimated to be 120 months, and subject to the by-laws of the defendant corporation as to fines and penalties due for delinquencies. This contract does not provide for the payment of any interest. The separate contract evidencing the application for loan being the mortgage and the note does not provide for a greater rate of interest than ten per cent., that being the contract rate allowed

by the Constitution of this state. Appellant proposed to arbitrarily add the contract payments under the stock purchase agreement to the interest payments made under the mortgage and loan agreement and by this method commingle the two separate transactions into one so as to sustain a usury allegation.

There is nothing in the record to disclose that plaintiff is illiterate or blind, and under such circumstances this court has repeatedly held:

"In the absence of any proof that the signer of a note or written instrument is unable to read, an answer which admits the execution of a subscription note sued upon, but alleges that the person procuring the note misrepresented the conditions of the same and the extent of the liability that the defendant would incur in signing the same, where the note is in plain language and unambiguous in its terms, such answer will be insufficient to constitute a defense." Guthrie & Western R. Co. v. Rhodes, 19 Okla. 21, 91 P. 1119; Outcault Adv. Co. v. Waurika National Bank, 100 Okla. 96, 227 P. 144; Green v. Cox Machinery Co., 116 Okla. 257, 244 P. 414.

Appellant had opportunity to read both instruments when executed, and she cannot be heard to say now that either or both of them are different than the plain language contained in each, and she cannot be heard to say (in the absence of a direct allegation of fraud and misrepresentation) that she was induced to sign by any fraud, misrepresentations, or false statements orally made preceding their execution.

In view of the conclusion here reached, that both contracts must be considered as separate and cannot be commingled, and neither of such contracts providing for a greater rate of interest than ten per cent., it becomes unnecessary to determine the constitutionality of the building and loan statute of this state. This cause might have presented such a question if both contracts were to be considered as one transaction.

Our court said in the case of Collings v. Industrial Savings Society, supra:

"The great weight of authority sustains the proposition that contracts of building and loan associations with their members for a loan at a legal rate of interest are not rendered usurious by the circumstances that the premiums, dues, and fines exacted bring the total amount paid by the borrower to an amount exceeding the lawful interest on the loan, even though there is no specific statutory exemption of such contract from

228

the general laws against usury. 27 R. C. L. 210." 94 Okla. 271, 221 P. 1036.

Appellant failed to establish by competent evidence the allegations of her petition.

Finding no prejudicial error in the rulings and judgment of the trial court, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys P. C. Simons, L. E. McKnight, and C. F. Dyer. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by C. F. Dyer and approved by Mr. Simons and Mr. C. F. Dyer and approved by Mr. Simons and Mr. McKnight, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.