## ARMSTRONG v. JENKINS.

No. 8434—Opinion Filed Jan. 22, 1918.

(170 Pac. 215.)

(Syllabus.)

### Appeal and Error—Question of Fact—Sufficiency of Evidence.

This being an action at law, and the testimony, in which there is sharp conflict, reasonably tending to support the verdict of the jury, the judgment of the lower court, based upon the verdict, will not be set aside on assignments of error depending upon the sufficiency of the evidence to support the verdict.

Error from District Court, Choctaw County; C. E. Dudley, Judge.

Action by D. F. Jenkins against John A. Armstrong. Judgment for plaintiff, and defendant brings error. Affirmed.

McDonald & Jones, for plaintiff in error.

A. M. Works, for defendant in error.

OWEN, J. This action was begun by D. F. Jenkins in the district court of Choctaw county to recover damages against John A. Armstrong. The petition alleges, in substance, that Jenkins purchased certain standing timber from Armstrong, relying upon Armstrong's representations that he was the owner of the timber and had a right to sell same, when in truth and in fact he had no title to the timber whatever and well knew that he had no right to sell same, and that these representations were made for the purpose of cheating and defrauding the plaintiff. To this petition Armstrong filed a general denial. The case was tried to a jury, judgment for Jenkins for the amount of the purchase price, and the case brought here by Armstrong to reverse this judgment.

Counsel in their brief argue five assignments of error, but concede these assignments all depend upon the question as to whether or not the evidence is sufficient to sustain the verdict. There appears a sharp conflict in the testimony. The testimony of Jenkins, plaintiff below, was to the effect that he went to Armstrong and told him he wanted the timber in question, and offered to pay Armstrong a reasonable commission if he would purchase the timber for him. Armstrong agreed to secure the timber, and afterwards informed him that he had purchased it himself, and after some negotiations agreed to sell it to Jenkins for $500. Armstrong then exhibited to him a contract for the timber, taken in the name of another person and assigned to Jenkins. Armstrong explained this by saying he had taken an agriculture lease on the land in his own name and the timber contract in the name of this other person, but that it was in all respects valid, and he would stand behind it. Upon this representation $500 was paid to Armstrong by Jenkins, and the contract delivered to Jenkins. Afterwards it developed that Armstrong had no title whatever to the timber, and the contract received by Jenkins conveyed no interest.

The testimony of Armstrong was to the effect that he advised Jenkins, at the time the deal was made, that it was a guardian's contract for the timber, and that he (Jenkins) must assume the validity of it, and that Armstrong at the time claimed no title to the timber, and received the $500 merely for securing the assignment of the contract to Jenkins.

The issue presented by this testimony was submitted to the jury, and a verdict rendered in favor of Jenkins.

Counsel cite authorities to sustain the rule that plaintiff must have relied upon the representations in order to substantiate the allegation of fraud, and insist that, when Armstrong told Jenkins the contract was valid, and he would stand between Jenkins and all danger, this took the case out of actions for fraud, and Jenkins' cause of action, if any, was on a breach of this warranty.

Jenkins' testimony is positive to the effect Armstrong represented he owned the timber, that he had purchased it from the guardian, but had taken the contract in the name of another person, and that this contract was valid.

It is also urged by counsel that the evidence does not support the verdict, for the reason that Jenkins, being chargeable with a knowledge of the law, and that a guardian's contract without approval would not convey the title to the timber, could not, under the law, be deceived by Armstrong's representations that he held the title. In support of this contention counsel assume that growing timber is real estate, and cite authorities to support the rule that, when the means of knowledge are at hand and equally available to both parties, and the subject of purchase is alike open to their inspection, if the purchaser does not avail himself of these means, he will not be heard to say that he was damaged by relying upon the representations made by the seller. These authorities have no application to the question involved here. The title to the timber is not involved. Certainly, if this

was an action by Jenkins to recover the timber, under the title purchased from Armstrong, he would be chargeable with any defects in Armstrong's title. This is an action based upon the alleged fraudulent representations that Armstrong owned the timber, which induced Jenkins to part with his money, and falls within the rule announced in the case of Gannon, Goulding & Thies v. Hausaman, 42 Okla. 41, 140 Pac. 407, 52 L. R. A. (N. S.) 519, where it was held a false and fraudulent representation by one who assumes to have personal knowledge, and upon which representation the purchaser relies and acts to his injury, will sustain an action for fraud, although the purchaser might have discovered the fraud by searching the public records. A man cannot state falsely to another in such cases and complain because he was believed. In the case of Cavanagh v. Johannessen, 57 Okla. 149, 156 Pac. 289, it was held that a representation by the vendor as to the title to the property, made as a positive statement of fact and with the intention that it should be relied upon, may be relied upon without further inquiry by the person to whom it is made.

The testimony of Jenkins that he relied upon the representations of Armstrong that he owned the timber and had a right to sell it was sufficient to take the case to the jury, and this testimony reasonably tends to support the verdict returned by the jury.

Therefore it follows, this being an action at law, the judgment of the lower court is affirmed.

All the Justices concur.