## TUTTLE v. F. C. FINERTY & CO. et al.

No. 9141—Opinion Filed Feb. 12, 1918.

(171 Pac. 39.)

(Syllabus.)

**1. Usury—What Constitutes.**

To constitute usury, there must either be a loan of money or forbearance of a debt for which the borrower pays and the lender knowingly receives a higher rate of interest than that allowed, or such higher rate is reserved, charged, or secured.

**2. Same—Usurious Transactions—Commission.**

Where T. borrowed $2,610 from F. & Co. and by agreement executed his note for $5,610 to include $3,000 commission claimed by F. & Co. on a prior transaction, the note was not rendered usurious by including this $3,000, although the commission may not have been justly earned or may have been extortionate and unreasonable for the services rendered.

**3. Same — Evasion of Law — Question for Jury.**

Where a note and mortgage executed for the loan of money are apparently fair on their face, and the interest reserved thereby, as disclosed by the terms of the instru-

ments, is within the legal limit, but the claim is made that usury was charged under a pretended claim for commission on a prior transaction, the question as to whether the amount so charged was in good faith claimed as a commission, or was a cloak or device to evade the law against usury, is a question of fact to be determined by the jury.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by James H. Tuttle against F. C. Finerty & Co. and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Riddle & Hammerly, for plaintiff in error.

Everest & Campbell, for defendants in error.

OWEN, J. This action was begun by plaintiff in error, in the district court of Oklahoma county, to recover double the amount of alleged usurious interest paid to Finerty & Co. The cause was tried to a jury, verdict rendered, and judgment entered for the defendants.

It appears that James H. Tuttle made written application to Finerty & Co. for a loan of $12,500, and executed a note for this sum drawing 7 per cent. interest, payable in 10 years, and as part of the same transaction executed a note for $3,865, payable in 10 annual installments; this note representing the commission to be paid to Finerty & Co. for procuring the loan. A portion of the $12,500 was to be used in paying off existing loans secured by mortgages. When the mortgagees holding the prior loans refused to release the mortgages without a bonus of $700, the loans not being due, plaintiff refused to pay the bonus and consummate the deal. Plaintiff and Finerty then entered into a transaction which resulted in plaintiff borrowing from Finerty & Co. $2,610, for which he agreed to execute his note secured by mortgage. To this amount was added, by agreement of the parties, $3,000 of the commission claimed by Finerty & Co. for negotiating the loan of $12,500, and a note was executed by plaintiff for $5,610. This note, with accumulated interest, was paid at maturity, and furnishes the basis for this suit.

Plaintiff contends that the notes for $12,500 and $3,865 were executed and delivered upon condition that the prior mortgagees would release their liens without a bonus, and, since they refused to do so, Finerty & Co. did not earn the commission of $3,000 included in the note for $5,610, and that in truth and in fact, the $3,000 was charged plaintiff for the use of $2,610. Defendants contend that the notes were delivered un-

conditionally, and the commission was earned when the loan of $12,500 was negotiated and the money ready to be paid to the plaintiff according to the terms of the application, and as a compromise and in settlement it was agreed to accept $3,000 in full satisfaction of the commission. This issue of fact was submitted to the jury, and determined in favor of the defendants and against plaintiff's contention.

Counsel for plaintiff concede that the original transaction was not tainted with usury, and that Finerty & Co. had a right to charge $3,865 commission for negotiating that loan, but insist the company had no right to any portion of the commission, because the money was not, in fact, paid over on that loan, and that, the company having no right to make that charge, the note for $5,610 was rendered usurious when $3,000, claimed as commission, was incorporated with the loan of $2,610. A broker employed to procure a loan is ordinarily entitled to his commission, when he has procured a person able, ready, and willing to make the loan on the terms prescribed by the principal. 9 C. J. 598. But even if Finerty & Co. had not justly earned the commission, it does not necessarily follow that the note for $5,610 was rendered usurious by including the $3,000. The company was claiming the commission, and plaintiff agreed that it be incorporated in the note. Plaintiff's testimony on this point is to the effect that he was compelled to agree to this commission, although it was not earned, in order to secure the loan of $2,610, which his straightened circumstances at the time made it imperative to secure. Taking this as true, the $3,000 did not constitute usury. It was neither a loan nor the forbearance of a debt, but simply the amount which Finerty & Co. claimed to have earned for their services in negotiating the loan for $12,500. It is essential, in order to establish the plea of usury, that there was a loan or forbearance of money, and that for such loan or forbearance there was an intent or agreement to take or reserve unlawful interest. Livengood v. Ball, 63 Okla. 90, 162 Pac. 766; Davidson v. Davis, 59 Fla. 476, 52 South. 139, 28 L. R. A. (N. S.) 102, 20 Ann. Cas. 1130; Briggs v. Steele, 91 Ark. 458, 121 S. W. 754.

The note for $5,610 and the mortgage to secure the same, being apparently fair on their face, and the interest disclosed by the terms of these instruments appearing to be within the legal limit, the question whether the $3,000 was in payment of the commission on the original transaction, or for the use of the $2,610, and the claim for the commission merely a cloak or device to evade the law against usury, was a question of fact for the jury. Garland v. Union Trust Co., 49 Okla. 654, 154 Pac. 676. Since the jury determined that issue against plaintiff's contention, we must consider the case in view of this $3,000 being for commission claimed and not as interest charged.

Counsel for plaintiff contend that the court erred in paragraphs 5, 9, and 10 of the instructions to the jury. In paragraph 5 the jury was instructed, in effect, that if Finerty & Co. had found a person who was ready, able, and willing to make the loan of $12,500, as provided in the contract of employment, the commission was earned, and that such commission was good as part consideration for the execution of the note for $5,610. Counsel insist this instruction ignored the theory of plaintiff that the commission was not earned because the application for the original loan was made on condition of the release of the prior loan without payment of bonus. If that paragraph stood alone, there might be cause of complaint, but in paragraph 6 the jury was instructed that if they found from the evidence that the application for the original loan was delivered on condition that it was not to become effective in the event the prior loan could not be paid and the mortgage released, except on payment of bonus, then Finerty & Co. would not be entitled to any commission, and in paragraph 7 the jury was further instructed that, if they found that plaintiff was not indebted to the defendants on account of the commission, but that the claim of the defendants for the commission of $3,000 was included in the note of $5,610 for the purpose and with the intent on the part of the defendants as a bonus or additional interest for the use of the $2,610, and that the claim for commission was only a pretense and cloak to cover up the real transaction, then this would constitute usury, and the verdict should be for the plaintiff.

In paragraph 9 the jury was instructed that a mere failure of consideration for the note of $3,865, by a failure to earn the commission, would not give rise to a cause of action in favor of the plaintiff for usury, and that if the jury found from the evidence that the $3,000 was incorporated in the note for $5,610 by agreement of the parties, in settlement of the commission claimed to be due, although this commission had not been justly earned by Finerty & Co., then this would not constitute usury, and could not be recovered in this action, but recovery could only be had in an action for failure of consideration.

. In paragraph 10 the jury was instructed, in effect, that since neither party claimed the original transaction for the loan of $12,500 was tainted with usury, if they believed the $3,000 was agreed upon in settlement of the claim for commission, this added to the loan of $2,610, would not constitute usury, although the jury might believe that this claim for commission was extortionate and excessive. Counsel insist that the effect of this paragraph in the instructions was to invade the jury's province in weighing the evidence and ignored plaintiff's theory of the case. It appears in paragraph 12 the jury was instructed that the paragraphs of the instructions were to be considered together as a whole, and that the jury was not at liberty to select any one or more of the paragraphs to the exclusion of the others. We think the instructions considered as a whole properly and fairly stated the law applicable to the issues. Newton v. Allen, 67 Okla. 73, 168 Pac. 1009.

Counsel also complain of error committed by the refusal of the court to give certain instructions requested. Since the instructions that were given properly and fairly submitted the issues to the jury, it follows there was no error in the refusal to give the instructions requested.

It appearing there was competent evidence reasonably tending to support the verdict, the judgment will not be disturbed. Armstrong v. Jenkins, 67 Okla. 217, 170 Pac. 215.

The judgment of the lower court is affirmed.

All the Justices concur, except SHARP, C. J., and RAINEY and THACKER, JJ., not participating.