**PARMENTER et al. v. LOCAL BLDG. & LOAN ASS'N.**

No. 24844. May 14, 1935.

Rehearing Denied June 11, 1935.

Application for Leave to File Second Petition for Rehearing Denied June 25, 1935.

W. C. Wood and George Miller, for plaintiffs in error.

Everest, McKenzie, Halley & Gibbens, for defendant in error.

PER CURIAM. This was an action commenced in the district court of Seminole county by the Local Building & Loan Association, organized and existing under and by virtue of the laws of the state of Oklahoma regulating the organization and operation of domestic building and loan associations, as plaintiff, against Bertha E. Parmenter, R. W. Parmenter, Mary Casey, and B. C. Lack, as defendants.

Plaintiff's petition alleges that defendants Bertha E. Parmenter and R. W. Parmenter, on the 17th day of May, 1924, being then indebted to the plaintiff in the sum of $5,000, made, executed, and delivered to plaintiff their certain promissory note in writing of that date in consideration of the sum of $5,000 borrowed money, the receipt of which was acknowledged. They promised to pay to the plaintiff the sum of $30 per month, the same being monthly dues on 50 shares of capital stock of said association, also the sum of $39.50 per month, the same being interest and premium due upon said sum so borrowed, together with all fines chargeable according to the by-laws of said association upon arrears of such payments, and promised to pay to said plaintiff all of said sums of money, aggregating $69.50 on the 20th day of each and every month, until each of said shares shall reach the value of 100, or said loan shall be otherwise sooner canceled or discharged.

That there is unpaid on said indebtedness evidenced by said note the principal sum of $5,000, interest from May 12, 1930, to August 18, 1931, in the sum of $495, and fines in the sum of $36.50, due in accordance with by-laws of the plaintiff association, upon which indebtedness there is a credit, the value of shares of stock issued to said defendants, in the sum of $2,413.77, leaving a net indebtedness of $3,118.73, no part of which has been paid and the whole of which has become due and owing by reason of default in terms and conditions of mortgage given by defendants to secure said note.

That to secure the payment of the sums of money evidenced by said note and as a part of the same transaction, the said defendants Bertha E. Parmenter and R. W. Parmenter, who were the owners of the real estate hereafter described, did, on the 17th day of May, 1924, make, execute, and deliver to plaintiff their certain mortgage in writing, of said date, whereby they sold, conveyed, and mortgaged to plaintiff the following described real estate, situated in Seminole county, state of Oklahoma, to wit: Lots one (1), two (2), three (3), four (4), five (5), six (6) in block one hundred six (106) city of Wewoka, Okla., according to the recorded plat thereof, and warranted the title to the same, and waived all homestead exemptions, and also mortgaged 50 shares of capital stock of the plaintiff association.

That said mortgage was filed for record in office of county clerk of Seminole county, Okla., on 26th day of May, 1924, and recorded in book 160, at page 138 of mortgage records of said county; that said mortgage provided for payment by mortgagors on said stock and loan of $69.50 on or before the 20th day of each and every month until said stock should mature, as provided by the by-laws of the plaintiff association, said indebtedness to be discharged by the cancellation of stock at maturity; that mortgagors would pay all taxes and assessments that might lawfully be levied or assessed against said real estate, promptly, and would maintain insurance upon the buildings located upon said property, and in case of default of payment of any of said monthly sums, or any of said fines, or taxes or insurance premium, and if such payments remained in default for more than three months, the mortgagee would be entitled to declare the whole indebtedness secured by said mortgage due and payable, and would be entitled to have said mortgage foreclosed and said property ordered sold to satisfy said indebtedness, and in event of legal proceedings to foreclose the mortgagors agree to pay $500 attorneys' fee in addition to all other legal costs, said sums to be additional lien upon said real estate.

Plaintiff further alleged default in failure to pay monthly dues and interest, and failure to pay taxes against said real estate for years of 1929 and 1930 in the sum of $669.77, which plaintiff was compelled to pay.

Plaintiff prayed judgment against defendants Bertha E. Parmenter and R. W. Parmenter for the sum of $3,810.50, together with interest thereon from August 18, 1931, at 10 per cent. per annum, until paid, and for $500 attorneys' fees, and costs and for foreclosure of plaintiff's mortgage on said real estate as a first lien thereon, and sale of said property to satisfy said judgment.

As to defendants Mary Casey and B. C. Lack, prayer was to quiet title against any interest they might claim in said property.

The defendant Mary Casey filed disclaimer in said action, and defendant B. C. Lack defaulted.

The defendants Bertha E. Parmenter and R. W. Parmenter, by verified answer, pleaded a general denial of the plaintiff's petition; admitted execution of the note and mortgage; alleged that the interest charged and collected was usurious; that the attempt of plaintiff corporation to issue stock to defendants was without legal authority or effect, because the same was in excess of the amount of stock which plaintiff had legal authority to issue; that defendants never acquired any valid shares in the corporation and never became or acted as stockholders, and should not and could not be held to be stockholders by the plaintiff or any one else, and that the stock attempted to be issued to them was wholly void. They denied they were indebted to the plaintiff in the sum sued for or in any other amount; alleged that they had paid plaintiff $5,885.10 on the principal debt and interest and had repaid plaintiff for all sums expended by it for taxes on the property in question. Defendants further alleged that plaintiff had plainly and deliberately provided for and charged to and required the defendants to pay usury as shown by the face of the note sued on; that the payments made on principal and interest should be in monthly installments and thereby a certain part of the principal loaned would be retired and discharged, but that interest was required to be paid on the full $5,000 loaned throughout the period for which the money was borrowed, which resulted in the plaintiff charging and collecting interest far in excess of the maximum rate of 10 per cent. per annum allowed by law. That, as applied by plaintiff, defendants paid $2,443 of the $6,595.50 interest charged on the $5,000 loan for 13 years and 11 months, and that plaintiff was therefore liable to the defendant for double the interest thus paid, or $4,886, leaving a balance of $2,299.77 due defendants, and prayed that plaintiff's claim

be denied, that the note and mortgage and the so-called stock issued to defendants be canceled, for attorneys' fee, and all other proper relief.

In their cross-petition defendants asked judgment for $2,299.77 balance due defendants after deducting $5,000, amount of plaintiff's claim, from the added sum of $2,413.77, amount which defendants paid on plaintiff's claim, and $4,886 being double the amount of interest paid by defendants on the loan, that is, a total of $7,299.77, $500 attorneys' fee, and other proper relief.

Plaintiff, in its verified reply, denied generally allegations of defendants' answer and cross-petition, and further alleged that defendants were members and stockholders of the plaintiff association in good standing, and bound by acts of other members of the association and by their action as set forth in answer and the petition herein; that defendants have been stockholders since May 7, 1924, and have accepted credits of dividends on their stock and have made monthly payments thereon; that all the things defendants complain of were matters of record and equally available to the defendants; that defendants, with actual or constructive knowledge of all the facts alleged in said answer, have continually made payments on said stock and accepted the dividends therefrom; that said stock was issued to defendants in good faith and accepted by them, and that the state of Oklahoma is the only person or authority which can raise question of validity of the issuance of said stock; that plaintiff association is a domestic building and loan association, organized not for profit but solely for mutual benefit of its members, with some 20,000 stockholders, and that plaintiff has in good faith dealt with the defendants and all other members of plaintiff association.

The cause was tried to the court, November 25, 1932, jury having been waived by the parties. The court found the allegations of plaintiff's petition to be true, but that the stock issued by plaintiff to defendants was invalid because in excess of the charter authority of the plaintiff as the same existed at the time of the inception of the transaction in question; that both parties entered into the contract in good faith, and that there was no intent to commit usury in the transaction; that by reason of the invalidity of such stock plaintiff was not entitled to recover interest at a rate in excess of 6 per cent. on said loan; and the court found, after allowing defendants credit for all sums paid by them on such

4

indebtedness, and allowing interest to plaintiff computed at rate of 6 per cent. on the deferred balance, that there was due the plaintiff at the time of the trial $3,018.76, which the court held to be a first and valid lien on said premises, and that plaintiff was entitled to a decree of foreclosure, together with a reasonable attorney's fee of $250.

The defendants present the following propositions as grounds for reversal: (1) That the attempted stock issue to the defendants was void; (2) that the interest charged and required of defendants was usurious; (3) plaintiff was not entitled to recover; (4) defendants were entitled to recover.

In connection with first proposition the trial court found that the stock issued by plaintiff to defendants was invalid, because the same was issued in excess of the charter authority of the plaintiff as same existed at the time of the inception of the transaction in question; the court found that both parties entered into the transaction in good faith, and that there was no intention to commit usury in such transaction, and that by reason of the invalidity of such stock the plaintiff is not entitled to recover interest at a rate in excess of 7 per cent. on said loan.

On the trial of the cause it was conceded that the issue of stock to the Parmenters was in excess of the charter authority by reason of failure of the association's officers to obtain the certificate of increase or charter from the Secretary of State; the evidence showing that said officers had been authorized to do so by the stockholders; the plaintiff contending that failure of officers to procure increase of charter from the Secretary of State was an oversight, rendering the contract invalid at the time of issue of stock in question, but that the contract was entered into in good faith and without corrupt intent on the part of either of the parties to charge interest in excess of the lawful rate. A review of the evidence offered in trial court amply sustains judgment of said court with reference to stock issue.

The propositions that interest charged and requireed of defendants was usurious, plaintiff was not entitled to recover, and defendant was entitled to recover, can best be considered together.

Defendants contend that plaintiff is not entitled to be treated as a building and loan association due to invalidity of stock pur-

chased, citing Midland Savings & Loan Co. v. Deaton et al., 57 Okla. 622, 157 P. 285. In this case the court held that plaintiff in error, a foreign building and loan association, failed to comply with requirements of statute on domestic building and loan associations, and failing to do so, the transaction becomes a simple loan of money, and allowed interest on mortgage debt. In Midland Savings & Loan Co. v. Tuohy et al., 69 Okla. 270, 170 P. 244, also a foreign building and loan association, the court held that it had not complied with the law with reference to domestic associations. The trial court found that the company had knowingly and corruptly charged, collected, and received usurious interest, and judgment of the lower court was affirmed.

In the case of Midland Savings & Loan Co. v. Nicoll et al., 76 Okla. 27, 183 P. 731, the trial court made general findings to the effect that the contracts sued upon and the plaintiff's (a foreign corporation) method of doing business constituted a device to evade the usury laws of Oklahoma Territory.

Aetna Building & Loan Association v. Harris et al., 67 Okla. 257, 170 P. 700, involved a suit by a foreign corporation to collect debt on which premium had been charged for use of money in addition to interest.

In all these cases the trial courts held contract was usurious, and that foreign corporations could not enjoy any greater privileges than domestic corporations.

Our court has upheld building and Loan contracts as valid (Aetna Building & Loan Association v. Hahn, 82 Okla. 110, 198 P. 331), and in Collings et ux. v. Industrial Savings Society, 94 Okla. 271, 221 P. 1036, paragraphs 1 and 3, syllabus, said:

"Where a party is a stockholder in a building and loan association, and afterwards becomes a borrower from said association, the two transactions have no connection with each other, and cannot be commingled to support an action in usury."

"The contract by which a party becomes the owner of shares of stock of a building and loan association to be paid for in monthly installments, running through a long series of years, and borrows from the association on his stock, the interest on the loan being the legal rate, is not to be treated as a usurious loan; the payments supposed to constitute the usury by the terms of the contract being made on the stock debt, not the loan."

The case of Collings v. Industrial Savings Society was referred to in Hickman v. Oklahoma Savings & Loan Association, 169 Okla. 224, 36 P. (2d) 928, and the court quoted with approval from said case as follows:

"Our court said in the case of Collings v. Industrial Savings Society: 'The great weight of authority sustains the proposition that contracts of building and loan associations with their members for a loan at a legal rate of interest are not rendered usurious by the circumstances that the premiums, dues, and fines exacted bring the total amount paid by the borrower to an amount exceeding the lawful interest on the loan, even though there is no specific statutory exemption of such contract from the general laws against usury. 27 R. C. L. 210'."

In this case the contract consists of an application for a loan and for the purchase of stock, and stock certificate issued which was invalid for reasons given. There is no contention made that the defendants are illiterate or blind, but, on the contrary, the evidence shows one defendant to be a man of education and for many years cashier of a bank; the other defendant is his wife, and under such circumstances this court has repeatedly held:

"In the absence of any proof that the signer of a note or written instrument is unable to read, an answer which admits the execution of a subscription note sued upon, but alleges that the person procuring the note had misrepresented the conditions of the same and the extent of the liability that the defendant would incur in signing the same, where the note is in plain language and unambiguous in its terms, such answer will be insufficient to constitute a defense." Guthrie & Western R. Co. v. Rhodes, 19 Okla. 21, 91 P. 1119, 21 L. R. A. (N. S.) 490; Outcalt Adv. Co. v. Waurika Nat. Bank, 100 Okla. 96, 227 P. 144; Green v. Cox Machinery Co., 116 Okla. 257, 244 P. 414.

It is urged by plaintiff that in so far as its face discloses the contract in question is a plain and ordinary building and loan contract, under the laws of the state of Oklahoma, and this being so, in construing the contract payments agreed to be made on stock should not be commingled with the payments agreed to be made as interest for the purpose of constituting usury, citing McGuire v. Oklahoma City Building & Loan Association, 112 Okla. 158, 241 P. 800; Collings v. Industrial Savings Society, 94 Okla. 271, 221 P. 1036. This court is of the opinion that the contention of plaintiff is well

taken, and that this was a mixed question of law and fact for the determination of the court, Deming Investment Co. v. Grigsby, 65 Okla. 88, 163 P. 530; Tuttle v. Finerty, 67 Okla. 294, 171 P. 39; Barnhart et ux. v. Richardson, 134 Okla. 19, 272 P. 418.

The offense of usury is well defined by this court in Porter et al. v. Rott et al., 116 Okla. 3, 243 P. 160, in which the court stated in first paragraph of the syllabus:

"To constitute the offense of 'usury,' there must be a corrupt intent to do something which is in violation of the statutes, and the lender must knowingly and intentionally charge a greater rate of interest than that prescribed by the law."

The trial court after hearing all the evidence and argument found that both parties entered into the transaction in good faith, and that there was no intention to charge usury in the transaction, and that by reason of invalidity of such stock, the plaintiff is not entitled to recover in excess of 6 per cent. interest on said loan.

The finding was amply sustained by the evidence, and the court under such circumstances was authorized to allow 6 per cent. interest on loan. Midland Savings & Loan Co. v. Deaton, 57 Okla. 622, 157 P. 285; Holt v. Aetna Building & Loan Association, 78 Okla. 307, 190 P. 872.

While this action was one in which a jury trial might have been had, the parties waived trial to a jury and the same was tried to the court. The well-established rule is that the findings of a trial court in cases where a jury is waived are entitled to the same weight as the verdict of a jury on appeal, and such findings when reasonably supported by the evidence in the case are conclusive upon the Supreme Court upon any doubtful questions of fact. Prudential Insurance Company of America v. Ward et al., 135 Okla. 117, 274 P. 648; Dobbins v. Texas Company, 136 Okla. 40, 275 P. 643; Russell v. Lennox Furnace Co., 136 Okla. 249, 277 P. 915.

The findings of trial court are supported by the evidence, and the court finding no error, the cause is affirmed.

The Supreme Court acknowledges the aid of Attorneys John L. Arrington, A. B. Campbell, and John T. Craig in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Arrington and approved by Mr. Camp-

bell and Mr. Craig, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur.